UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In Re:                                                         Misc. No.   12-113

ALEXANDER A. REINERT
Application for Exemption
from PACER Fees

Order Granting Limited Exemption
From PACER Fee Schedule

     1.     The United States Judiciary's Public Access to Court Electronic Records [PACER] system allows the public to view and copy certain court records for a nominal fee. system allows the public to view and copy certain court records for a nominal fee. *See* ELECTRONIC PUBLIC ACCESS FEE SCHEDULE (Eff. Sept. 7, 2011) in accordance with 28 U.S.C. § 1914.

     2.     The fee schedule cited above provides in pertinent part as follows:

> Consistent with Judicial Conference policy, courts may, upon a showing of cause, exempt. . . individual researchers associated with educational institutions . . . from payment of these fees. Courts must find that parties . . . seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. For individual researchers, courts must also find that the defined research project is intended for academic research, and not for commercial purposes or internet redistribution. Any user granted an exemption agrees not to sell for profit the data obtained as a result. Any transfer of data obtained as the result of a fee exemption is prohibited unless expressly authorized by the court. Exemptions may be granted for a definite period of time and may be revoked at the discretion of the court granting the exemption.

     3.     By letter dated May 11, 2012, ALEXANDER A. REINERT, Associate Professor of Law at Benjamin N. Cardozo School of Law, applied to this court for an exemption from

PACER fees in all divisions of our jurisdiction for scholarly research he is conducting "in areas related to pleading rules and the disposition of civil rights cases."

4. The court FINDS that Mr. Reinert is an "individual researcher associated with an educational institution."

5. The court FINDS that imposition of the PACER fee will produce an unreasonable burden on Mr. Reinert's scholarly research and pursuits.

6. The court FINDS that Mr. Reinert's application meets the exemption standards stated in the judiciary's Electronic Public Access Fee Schedule and concludes that his application should be granted.

7. The court ORDERS that Mr. Reinert's application for exemption is hereby GRANTED for a period of one year commencing **June __19__, 2012** and expiring **June __19__, 2013**, or until such earlier time if so ordered.

8. The court ORDERS that this exemption is conditioned upon Mr. Reinert's agreement that he or anyone else will not sell for profit the data obtained as a result of his access to PACER information, and any transfer of data obtained by Mr. Reinert, as the result of a fee exemption, is prohibited unless expressly authorized by the court.

9. Mr. Reinert agrees that this Order is conditioned upon his agreement that the information extracted from Dataset will be confined to his own scholarly work. This restriction is not intended to bar him from quoting or referencing information received as a result of a fee exemption in scholarly or other similar work.

10. The court ORDERS that the Clerk of Court forward a copy of this Order to the following people:

PACER Service Center
Post Office Box 780549
San Antonio, Texas 78278

Alexander A. Reinert,
Associate Professor of Law
BENJAMIN N. CARDOZO SCHOOL OF LAW
Jacob Burns Institute for Advanced Legal Studies
Brookdale Center
55 Fifth Avenue
New York, NY  19993-4391


Michel Ishakian, Chief
Public Access and Records Management Division
Administrative Office of the United States Courts
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Suite 4-500
Washington, DC 20544


_____
JEROME B. SIMANDLE
Chief U.S. District Judge

DATE:     **June __20__, 2012**